Elphege J. Daignault
vs.
La Tribune Publishing Co. } No. 66865.

February 17, 1932.

BLODGETT, P. J. Heard upon motion of defendant to strike out innuendo. Action for libel.

The publication declared as follows:

"Mr. Daignault * * * has proved a failure as a lawyer." "He could not hope to plead a case himself."

The innuendo is:

"That plaintiff did not possess the requisite qualifications to practice law."

The defendant further published that he (plaintiff)

"launched a drive for money among his dupes. 'The dollar of the patriot' he called this fund of which he makes no accounting to any one

* * * He will use this money to pay highly expensive protestant lawyers—he could not hope to plead such a case himself."

The innuendo is:

"He (plaintiff) had been guilty of dishonesty and improper practices in the performance of his duties as an attorney at law."

Also that by publication of said words, the innuendo is that plaintiff has been guilty of

"embezzlement and a breach of trust." "He (plaintiff) continued the publication of 'La Sentinelle' as a weekly, however making it a frankly anti-Irish sheet. In January, 1925, 'La Sentinelle' began a campaign which for vituperation, for mendacity, for licentiousness has never been surpassed. John J. Ettor, the noted Italian Radical editor of 'Il Martello', who was sent to Atlanta Penitentiary for publishing an attack against the Italian ambassador to the United States, never used the gutter language which Mr. Daignault has used toward Bishop Hickey and toward all the leaders of the French Canadian race who have refused to join in his campaign."

The innuendo is that:

"he (plaintiff) was guilty of criminal libel."

In *Porter* v. *Post Publishing Co.*, 20 R. I. 88, heard upon demurrer to the declaration, the Court says (p. 90):

"The statements complained of are all contained in a single article, and are all embraced in a single count of the declaration. The demurrer is to the whole count. The rule in such case is that if any of the words are actionable the demurrer must be overruled."

So also in *Tiepke* v. *Times Pub. Co.*, 20 R. I. 200.

In this case, however, the Court held that if an innuendo go beyond the language used, or any suggestion to be legitimately drawn therefrom, it is to that extent bad, but cannot be taken advantage of by demurrer.

In *Rose* v. *Prov. Journal Co.*, 51 R. I. 318-322, the Court says, in overruling a demurrer:

"In an action for libel, it is a question for the jury whether the newspaper article complained of as a whole, including the headlines, would reasonably convey to the ordinary reader the meaning attributed to it by the innuendos."

The motion in the present case is to strike out the following words, * * * constituting the innuendo of said declaration:

"Meaning and intending to convey to the readers of said newspaper that the plaintiff did not possess the requisite qualifications to practice law and that he had been guilty of dishonesty and improper practices in the performance of his duties as an attorney at law and that he was guilty of criminal libel and embezzlement and a breach of trust."

In view of the cases above cited, it seems that it is a question for the jury to determine whether the article complained of in the declaration would reasonably convey to the ordinary reader the meaning attributed to it by the innuendoes.

The motion to strike out is denied.

For plaintiff: Boss & McMahon.

For defendant: Eugene L. Jalbert, Cooney & Cooney.